IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Builders Mutual Insurance Company, <br>    Plaintiff, <br><br>   vs. <br><br> Wingard Properties, Inc.; James Thomas Wingard, III; Deborah Wingard; Wingard Family LLC; Steve Schwartz; Jennifer Schwartz;, <br>    Defendants. | C.A. No.: 4:09-cv-00532-RBH <br><br> **ORDER** |

  Plaintiff Builders Mutual Insurance Company filed this declaratory judgment action concerning its rights and obligations pursuant to a commercial general liability policy it issued to Defendant Wingard Properties, Inc. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Neither party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment [Docket Entry 37] is granted and that Wingard's Motion for Summary Judgment [Docket Entry 41] is denied.

**IT IS FURTHER ORDERED** that judgment is entered declaring the following three coverage determinations sought by Builders Mutual:

(A) Wingard Family, LLC is not an insured under the policy and is not entitled to indemnification or a defense.

(B) Mrs. Deborah Wingard is not an insured with respect to the allegations against her because they do not involve actions on behalf of Wingard Properties, Inc. and therefore she is not entitled to a defense or indemnification.

(C) The policy excludes any damage to the insured's work and arising out of the work or any part of it. Because Wingard Properties was the general contractor, the entire project was its work and all of the alleged damage is excluded.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
August 3, 2010